UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RACHEL SPECTOR

v.                                CASE NO. 3:03 CV 251 (MRK)

TRANS UNION LLC                                April 2, 2004

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR DISCOVERY ORDERS

Defendant did not object to discovery posed herein on June 7, 2003. Accordingly, the Court granted plaintiff's motion to compel on August 15, 2003. Instead of complying, defendant referred to information to be provided in an earlier lawsuit between the parties, which also has not yet been provided.  The following have not been provided herein:

Production 3.  All manuals, procedures, training material, and protocols used by defendant to comply with the Fair Credit Reporting Act concerning consumer disputes. If you contend that any such items are confidential, please provide a sworn statement as to each item that such has not been provided to anyone or used in the trial of any matter without a confidentiality order.

Production 8.  All documents substantiating your affirmative defenses.

Production 14. All procedures and protocols concerning the use or effect of a "do not confuse" statement on a consumer's file when defendant receives a request for that consumer's file

Production 15. All procedures and protocols for flagging a credit file so that careful selection is made as to what tradelines and information to convey when a user requests the file, including such flags as "do not confuse" or a fraud alert

Responses: See documents to be produced in response to confidentiality order in [previous litigation] subject to pending motions.

**Discussion:** Since defendant did not interpose any confidentiality objection in this litigation, it must provide the documents.

Production 18. All documents regarding the permissible purpose of each entity that accessed plaintiffs credit report from and after May 2002.

Response: [Belated relevance objection] Trans Union's attorney was furnished a copy in connection with the defense of Spector I.

**Discussion: Unresponsive. This litigation relates to events after May 2002; the earlier one does not.**

Production 19. All documents regarding the information provided to each entity that accessed plaintiff's credit report from and after May 2002.

Response. See Trans Union file disclosures, showing the inquiries made by third parties. Trans Union does not retain consumer reports furnished to third parties and therefore has no further information in its custody or control.

**Discussion: Unresponsive.** The file disclosures show several internal inquiries in and after May 2002, the date of the first suit. The request was not limited to third parties.

Interrogatory 1. If you investigated the Capital 1 Bk, FCNB, or Unvl tradelines at any time after October 2002, Describe in detail each step taken on your behalf in each investigation and the results thereof, identifying the persons involved and describing each person's participation.

Interrogatory 2. "Identify" all persons contacted in the course of your investigation of the tradelines referenced in Interrogatory 1 and the date(s) on which each such person was contacted.

Response: See CDVs, produced with Trans Union's response to production.

**Discussion**: **Unresponsive**. The CDVs are heavily coded and do not provide the requested information.

Interrogatory 3. What procedures, if any, have you employed in and since 1997 to verify from more than one source information that a consumer disputes?

Responses: See documents to be produced in response to confidentiality order in [previous litigation] subject to pending motions.

**Discussion**: **Unresponsive**. Since defendant did not interpose any confidentiality objection in this litigation, it must provide the documents.

Interrogatory 4. Please provide a plain English (decoded) translation of each item on each page of the Trade Set Detail and Search History for each investigation described in response to Interrogatory 1.

Response: See documents produced in Spector I.

**Discussion: Unresponsive.** This suit involves a later time frame.

Interrogatory 6. Describe any procedure or protocol pursuant to which defendant can suppress or prevent an internal inquiry from appearing on plaintiff's consumer disclosure.

Response. Trans Union's file disclosures comply fully with FCRA 1681g respecting consumer reports and the relevant FTC CFR commentary. Records of internal inquiries are maintained in connection with fraud disputes, and internal inquiries by bueaus which own consumer information stored in Trans Union's database, "CRONUS" bureaus.

**Discussion**: **Unresponsive**.

Interrogatory 8. State all facts which support each of your affirmative defenses.

Response [narrative omitted] See also Responses: See documents to be produced in response to confidentiality order in Spector Isubject to pending motions. . .

**Discussion:** Since defendant did not interpose any confidentiality objection in this

litigation, it must provide the documents.

Interrogatory 10. Describe what information defendant provided to each of the entities that received information from plaintiff's consumer file so that they could make a firm offer of credit or insurance. (Capital One Bank, 3x; MCI Worldcom Wireless, 2x; UC Lending).

Response: Pursuant to FCRA 1681b(c), Trans Union furnishes attributes which may include name address, sometimes a credit score and other attributes from a consumer report. Trans Union **objects** to the disclosure of the particular attributes furnished because such information is proprietary and confidential to the customer receiving the information and entirely irrelevant to plaintiff's claims. . . .

**Discussion:** Defendant's belated objects are conclusory and unsupported.

3

Interrogatory 11. Set forth the permissible purpose and identify the recipients of the TU Consumer Disclosures on May 28 and May 29, 2002 which appear on plaintiff's consumer disclosure.

Response: The information was reviewed by Trans Union and its litigation counsel in connection with the defense of Spector I.

**Discussion:** The response does not "identify" as required by D. Conn. Local Rule 26 and does not identify a permissible purpose.

## CONCLUSION

Due to defendant's failure to respond to discovery, the requested Rule 37 relief should be granted.

THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on April 1, 2004, postage prepaid, to:

Bruce Luckman
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market St  30th floor
Philadelphia PA 19103-3699

____/s/ Joanne S. Faulkner___
Joanne S. Faulkner

4